IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RONALD G. DOSS,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:09 CV 454 TC |

  A jury found Mr. Doss guilty of possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The court sentenced him to 144 months in custody to be followed by 60 months of supervised release. Mr. Doss filed an appeal with the Tenth Circuit which was denied. See United States v. Doss, No. 06-4312 (10th Cir. April 23, 2008).[1]

  Mr. Doss has now filed a petition to set aside his conviction pursuant to 28 U.S.C. § 2255. In his petition, he raises a number of claims, none of which, as discussed below, entitle him to relief.[2]

**Analysis**

---

  [1]Under the Sentencing Guidelines, Mr. Doss' guideline range was 210 to 262 months.

  [2]Because the petition, files and records of the case show conclusively that Mr. Doss is not entitled to relief, the court will decide this petition without a hearing.

Mr. Doss raises the following grounds in support of his petition: (1) illegal search and seizure; (2) ineffective assistance of counsel at the hearing on Mr. Doss' motion to suppress; and (3) refusal of the court to grant a continuance on the morning of trial. Other than his conclusory allegations, Mr. Doss provides no supporting documentation or affidavits in support of these contentions.

    Ineffective Assistance of Counsel.

To demonstrate ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000), cert. denied, 531 U.S. 1128 (2001) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The standard applies to sentencing proceedings and plea hearings as well as at trial. U.S. v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996). To succeed on the deficiency prong, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." James, 211 F.3d at 555 (citing Strickland, 466 U.S. at 689). "Judicial scrutiny of counsel's performance is highly deferential." Id. To succeed on the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. There is a strong presumption that counsel provided effective assistance, and a § 2255 petitioner has the burden of proof to overcome that presumption. James, 211 F.3d at 555.

    1. Illegal Search, Seizure and Arrest

Mr. Doss raised the issue of the traffic stop and the search on direct appeal. Accordingly, Mr. Doss cannot raise these arguments again. See United States v. Warner, 23F.3d 287, 291 (10th

Cir. 1994).

Mr. Doss also now argues that his arrest and subsequent breathalyzer and urinalysis tests were illegal.  Although Mr. Doss did not raise arguments concerning the tests either in his motion to suppress or his direct appeal, they appear to be closely related to the Fourth Amendment arguments he did raise.  Because these issues could have been raised in the motion to suppress and on appeal, Mr. Doss cannot raise them here.  See United States v. Cook, 997 F.2d 1312, 1317 (10th Cir. 1993).

    2.  Ineffective Assistance of Counsel at the Hearing on the Motion to Suppress.

Mr. Doss argues that his attorney was ineffective at the motion to suppress because the attorney did not argue that the court should view the videotape of the incident at the hearing instead of later, when reviewing the evidence.  Mr. Doss does not contend, nor can he, that the court did not review the tape before issuing its opinion.  (The record is clear that the court did consider the tape: "After reviewing all relevant materials, including a videotape of the traffic stop, the court concludes that . . . " (Order Den. Mot. Sup. , Case No. 2:05 Cr 861, Dkt. No. 45.)  Also, Mr. Doss does not point to any argument that his counsel could have made had the court seen the videotape at the hearing nor does show any prejudice that he suffered as a result of the court's later review of the videotape.

    3.  The Court's Denial of Mr. Doss' Motion to Continue Trial

On the first morning of trial, before the jury was selected, counsel and Mr. Doss met with the court to review pre-trial matters.  Mr. Doss told the court that he wanted to enter a conditional plea of guilty and that he was dissatisfied with his trial counsel, Justin Roberts. (Trial Trans. (Tr) August 7, 2006, at 3, Dkt. No.5, Case No. 05-Cr-861TC.)    Robert Lund, the assistant United

States attorney, stated that he did not have the authority to agree to a conditional plea. (Id. 8.)

Mr. Doss complained that his counsel had failed to review discovery with him and would not answer his telephone calls. (Id. 6.) Mr. Roberts responded that he was prepared for trial and denied that he had not been in contact with Mr. Doss: "The Davis County Jail records of visits and phone calls are going to contradict what Mr. Doss is telling you right now." (Id. 7.) Mr. Roberts told the court that he was prepared for trial. (Id. 8-9.)

Mr. Doss does not identify how he was prejudiced by the court's failure to continue trial. And review of the trial record shows that throughout the two-day trial, Mr. Roberts fulfilled his role as a defense counsel, giving opening and closing statements, cross-examining witnesses and making objections.

For the above reasons, Mr. Doss' petition is DENIED.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge